UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KEVIN GRIFFIN,<br><br>         Plaintiff,<br><br>  -against-<br><br>CHARLES CARNES, TOWN OF CRAWFORD SUPERVISOR,<br><br>         Defendant. | 21-CV-11111 (LTS)<br><br>ORDER TO SHOW CAUSE UNDER<br>28 U.S.C. § 1915(g) |

LAURA TAYLOR SWAIN, Chief United States District Judge:

  Plaintiff, who is currently incarcerated in Clinton Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendant denied him due process when he terminated Plaintiff's employment as a police officer for the Town of Crawford Police Department in October 2004. He seeks to proceed *in forma pauperis* (IFP), that is, without prepayment of fees. For the following reasons, the Court directs Plaintiff to show cause why his IFP application should not be denied under 28 U.S.C. § 1915(g), the Prison Litigation Reform Act's three-strikes provision.

## PRISON LITIGATION REFORM ACT

  Congress adopted the Prison Litigation Reform Act (PLRA) with the purpose of deterring not only frivolous and malicious civil actions, but also actions that fail to state a claim on which relief may be granted. *See Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1726 (2020); *Nicholas v. Tucker*, 114 F.3d 17, 19 (2d Cir 1997). To serve this deterrent purpose, the PLRA includes the following "three-strikes" provision:

> In no event shall a prisoner bring a civil action…under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which

>relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Consequently, a prisoner who has filed at least three civil actions or appeals meeting these criteria is ineligible to proceed IFP and must pay the filing fees before the Court can entertain a new civil action unless the prisoner qualifies for the "imminent danger" exception.

The Court has identified the following civil actions and appeal filed by Plaintiff as strikes under section 1915(g):

> (1) *Griffin v. DiNapoli*, No. 16-CV-0914, 2017 WL 3835334 (N.D.N.Y. Aug. 20, 2017) (dismissed complaint as barred by *res judicata*, untimely, and for failure to state a federal claim);[1]
>
> (2) *Griffin v. DiNapoli*, No. 17-2887, 2018 WL 11341638 (2d Cir. Mar. 15, 2018) (appeal dismissed as "lack[ing] an arguable basis either in law or in fact");[2] and

---

[1] Dismissals on *res judicata* grounds count as strikes because "the filing of a redundant suit after an identical action is dismissed as frivolous typifies the problem that [Section 1915(g)] is intended to remedy." *Elufe v. Clauberg*, No. 11-CV-5291, 2012 WL 1506692, at *1 (S.D.N.Y. 2012) (*res judicata* dismissal constituted a strike); *see also Harmon v. Webster*, 263 F. App'x 844, 846 (11th Cir. 2008) (same); *Williams v. City of Hartford*, No. 19-CV-0444, 2020 WL 127705, at *7 (D. Conn. Jan. 10, 2020) (same).

Dismissals based on the expiration of the applicable statute of limitations also count as strikes for the purpose of § 1915(g). *See Jones v. Bock*, 549 U.S. 199, 215 (2007) (A complaint that "show[s] that relief is barred by the applicable statute of limitations" is "subject to dismissal for failure to state a claim."); *Akassy v. Hardy*, 887 F.3d 91, 95 (2d Cir. 2018) (same).

[2] Dismissals of subsequent appeals on Section 1915(g) grounds qualify as independent strikes. *See Chavis v. Chappius*, 618 F.3d 162, 165 (2d Cir. 2010) ("[A]n incarcerated plaintiff incurs two strikes when a complaint and a subsequent appeal are independently dismissed for grounds listed in § 1915(g).").

(3) *Griffin v. DiNapoli*, No. No. 21-CV-0282, 2021 WL 5370057 (N.D.N.Y. Nov. 18, 2021) (action barred by *res judicata* and dismissed with prejudice under 28 U.S.C. § 1915(e) and 1915(A)) (adopting report and recommendation).[3]

The Court finds that Plaintiff has accumulated three strikes under the PLRA, and he is therefore barred under 28 U.S.C. § 1915(g) from filing any actions IFP while he is a prisoner. Because Plaintiff is barred under Section 1915(g) from proceeding IFP, unless he is "under imminent danger of serious physical injury," he must pay the filing fees for this action.

Plaintiff does not allege any facts suggesting that he was in imminent danger of serious physical injury when he filed this case.[4] Instead, he brings this action asserting the denial of due process when his employment was terminated in 2004.

## NOTICE AND OPPORTUNITY TO BE HEARD

A *pro se* litigant is generally entitled to notice and an opportunity to be heard before the Court issues a final decision that is unfavorable to the litigant. *See Snider v. Melindez*, 199 F.3d 108, 113 (2d Cir. 1999) (requirement of notice and opportunity to be heard "plays an important role in establishing the fairness and reliability" of the dismissal order, "avoids the risk that the court may overlook valid answers to its perception of defects in the plaintiff's case," and prevents unnecessary appeals and remands). The Court therefore grants Plaintiff leave to submit a declaration showing that, while a prisoner, he has not filed three or more cases that were dismissed as frivolous, malicious, or for failure to state a claim. Plaintiff must submit this

---

[3] Although Plaintiff's appeal of this case is pending before the United States Court of Appeals for the Second Circuit, *see Griffin v. DiNapoli*, No. 21-2958 (2d Cir.), the dismissal is still a strike, *see Coleman v. Tollefson*, 135 S. Ct. 1759, 1761 (2015) (holding that courts must count a dismissal as a strike even though it remains pending on appeal).

[4] An imminent danger is not one "that has dissipated by the time a complaint is filed," *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009); rather, it must be one "existing at the time the complaint is filed," *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002).

declaration within thirty days. If Plaintiff does not make this showing, or if he fails to respond to this order, the Court will deny Plaintiff's IFP application, dismiss the action without prejudice, and bar Plaintiff from filing future actions IFP while he is a prisoner.[5]

## CONCLUSION

The Court directs Plaintiff to show cause why the Court should not deny his IFP application under the PLRA's three strikes provision, 28 U.S.C. § 1915(g). Plaintiff must file a declaration within thirty days explaining any reason why he should not be barred under the PLRA. A declaration form is attached to this order for Plaintiff's convenience. If Plaintiff does not show cause, or if he fails to respond to this order, the Court will deny Plaintiff's IFP application, dismiss this action without prejudice, and bar Plaintiff under section 1915(g) from filing future actions IFP while he is a prisoner.

The Clerk of Court is directed to terminate all other pending matters in this case.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

---

[5] Plaintiff is not barred from filing a new case by prepaying the filing fees.

The Clerk of Court is further directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:  February 22, 2022
         New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                     Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the first and last name of each plaintiff or petitioner.

Case No. _____ CV _____

-against-

_____

_____

_____

_____

Write the first and last name of each defendant or respondent.

## DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ , declare under penalty of perjury that the following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

| | |
|---|---|
| _____ | _____ |
| Executed on (date) | Signature |
| _____ | _____ |
| Name | Prison Identification # (if incarcerated) |
| _____ | _____ |
| Address           City | State       Zip Code |
| _____ | _____ |
| Telephone Number (if available) | E-mail Address (if available) |