UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KEVIN GRIFFIN,<br><br>                                    Plaintiff,<br><br>-against-<br><br>CHARLES CARNES, TOWN OF CRAWFORD SUPERVISOR,<br><br>                                    Defendant. | 21-CV-11111 (LTS)<br><br>BAR ORDER UNDER<br>28 U.S.C. § 1915(g) |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently incarcerated in Clinton Correctional Facility, filed this action *pro se* and seeks to proceed *in forma pauperis* (IFP). On February 22, 2022, the Court noted that, while a prisoner, Plaintiff had filed three or more actions or appeals that were dismissed as frivolous, malicious, or for failure to state a claim on which relief may be granted, and it ordered Plaintiff to show cause within 30 days why he should not be barred under the "three strikes" provision of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g), from filing future civil actions IFP in this Court while he is a prisoner.

Plaintiff filed a declaration on March 16, 2022, but the declaration fails to rebut the Court's findings that he has accumulated at least three strikes under the PLRA and is therefore barred under Section 1915(g).

## DISCUSSION

Congress adopted the PLRA with the purpose of deterring not only frivolous and malicious civil actions, but also actions that fail to state a claim on which relief may be granted. *See Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1726 (2020); *Nicholas v. Tucker*, 114 F.3d 17, 19

(2d Cir 1997). To serve this deterrent purpose, the PLRA includes the following "three-strikes" provision:

> In no event shall a prisoner bring a civil action…under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Consequently, a prisoner who has filed at least three civil actions or appeals meeting these criteria is ineligible to proceed IFP and must pay the filing fees before the Court can entertain a new civil action unless the prisoner qualifies for the "imminent danger" exception.

In the February 22, 2022, order, the Court identified the following civil actions and appeal filed by Plaintiff as strikes under Section 1915(g): *Griffin v. DiNapoli*, No. 16-CV-0914, 2017 WL 3835334 (N.D.N.Y. Aug. 20, 2017) (complaint dismissed as barred by *res judicata*, for untimeliness, and for failure to state a federal claim) (*Griffin I*); *Griffin v. DiNapoli*, No. 17-2887, 2018 WL 11341638 (2d Cir. Mar. 15, 2018) (appeal dismissed as "lack[ing] an arguable basis either in law or in fact") (*Griffin II*); and *Griffin v. DiNapoli*, No. 21-CV-0282, 2021 WL 5370057 (N.D.N.Y. Nov. 18, 2021) (action barred by *res judicata* and dismissed with prejudice under 28 U.S.C. § 1915(e) and 1915(A)) (adopting report and recommendation) (*Griffin III*).

**A.     Plaintiff's Declaration**

Plaintiff contends in the declaration that he should not be barred under Section 1915(g) from proceeding IFP because the Court improperly counted the above cases and appeal as strikes. He argues that, because *Griffin I* was dismissed by the United States District Court for the Northern District of New York for failure to state a claim under Rule 12(b)(6) of the Federal

Rules of Civil Procedure without citing Section 1915(g), it should not count as a strike.[1] Plaintiff also contends that the dismissal of his appeal of that decision to the United States Court of Appeals for the Second Circuit, *Griffin II*, should not count as a separate strike because it was part of the same claim as the district court case. Plaintiff further claims that a district court's dismissal does not qualify as a strike during the pendency of an appeal and, therefore, *Griffin III*, the dismissal of the second case he filed in the Northern District of New York is not a strike because his appeal of that case is pending in the Second Circuit. Plaintiff asserts that he is entitled to IFP status while appealing the dismissal of *Griffin III*. He also suggests that *Griffin III* should not be considered a strike because it was dismissed under 28 U.S.C. §§ 1915(e) and 1915(A), and not Section 1915(g).

**B.     Plaintiff's Three Strikes**

The Court addresses Plaintiff's contentions that the three decisions identified by the Court are not strikes under § 1915(g).

1.     ***Griffin I*, No. 16-CV-0914, 2017 WL 3835334 (N.D.N.Y. Aug. 20, 2017)**

In *Griffin I*, Plaintiff asserted that the Comptroller of the State of New York denied him disability benefits in 2004 in violation of his right to due process. Chief Judge Glenn T. Suddaby of the Northern District of New York granted the defendant's motion to dismiss under Fed. R.

---

[1] Plaintiff also insists that, contrary to the Northern District of New York's decision, his claims in *Griffin I* were not time-barred. He also alleges that he was denied counsel in one of the cases and "should not be penalized by the courts since the courts failed to appoint [him] an attorney to assist in the preparation of [his] claims, which would have been properly explained and filed." (ECF 9, at 2.) The Court cannot consider Plaintiff's contentions that his actions were incorrectly dismissed. If Plaintiff wishes reconsideration of the Northern District of New York's decisions, he must seek such relief in that court. *See Caron v. TD Ameritrade*, No. 19-CV-9015 (AJN), 2020 WL 7027593, at *3 (S.D.N.Y. Nov. 30, 2020) ("Rule 60(b) [of the Federal Rules of Civil Procedure] allows for a federal district court to set aside a judgment that was rendered in that court.").

Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted, holding that: (1) because Plaintiff had unsuccessfully litigated his disability benefits claim in state court, the federal claim was barred by the doctrine of *res judicata*; (2) Plaintiff's 2004 disability denial claim, filed in 2016, was untimely under the three-year statute of limitations for Section 1983 claims; and (3) Plaintiff had failed to allege a violation of his federal rights. *See Griffin v. DiNapoli*, 2017 WL 3835334, at *6-7.

Plaintiff is mistaken in his contention that *Griffin I* is not a strike because it was dismissed under Rule 12(b)(6) for failure to state a claim.[2] It is undisputed that a dismissal for failure to state a claim is an enumerated ground under Section 1915(g), and that dismissal with or without prejudice for any of the grounds enumerated in Section 1915(g) constitutes a strike under the PLRA. *See Lomax*, 140 S. Ct. at 1724-27. The "broad language [of Section 1915(g)] covers all such dismissals." *Id*. at 24. *Griffin I* was dismissed for failure to state a claim, specifically because Plaintiff's assertions were barred by *res judicata*, untimely, and failed to state a federal claim. Because "[a] dismissal of a suit for failure to state a claim counts as a strike," *id*. at 1727, and Plaintiff was a prisoner when *Griffin I* was filed, the Court properly concluded that *Griffin I* is a strike under Section 1915(g).[3]

---

[2] In support of his argument, Plaintiff cites the Supreme Court's decision in *Neitzke v. Williams*, 490 U.S. 319, 328-29 (1989), in which the court distinguished frivolous dismissals under the IFP statute in effect before the PLRA and dismissals for failure to state a claim under Rule 12(b)(6), noting that "not all unsuccessful claims are frivolous." In *Lomax*, however, the Supreme Court specifically rejected the idea that strikes under Section 1915(g) are limited to frivolous and malicious dismissals as provided by the IFP statute in effect when *Nietzke* was decided in 1989. The Supreme Court noted that "[t]he point of the PLRA . . . was to cabin not only abusive but also simply meritless prisoner suits," and that "[i]n the PLRA, Congress chose to go further − precisely by aiming as well at actions that failed to state a claim" in order to curb the "flood of nonmeritorious claims." *Lomax*, 140 S. Ct. at 1726 (citations and internal quotation marks omitted).

[3] Failure to state a claim dismissals based on statute of limitations and *res judicata* grounds count as strikes. *See Jones v. Bock*, 549 U.S. 199, 215 (2007) (A complaint that "show[s]

2. ***Griffin II*, No. 17-2887, 2018 WL 11341638 (2d Cir. Mar. 15, 2018)**

Plaintiff's contention that *Griffin II* is not a strike for purposes of Section 1915(g) because it was an appeal of *Griffin I*, and the two are effectively the same action, also fails. The Second Circuit has interpreted the text of Section 1915(g) to mean that a prisoner's appeal that is frivolous, malicious, or fails to state a claim may qualify as an independent strike even if the prisoner has already accumulated a strike for the dismissal of the underlying district court action from which he appeals. *See Chavis v. Chappius*, 618 F.3d 162, 165 (2d Cir. 2010) ("[A]n incarcerated plaintiff incurs two strikes when a complaint and a subsequent appeal are independently dismissed for grounds listed in § 1915(g)."). As the Second Circuit dismissed *Griffin II* as "lack[ing] an arguable basis either in law or in fact,"[4] *Griffin v. DiNapoli*, 2018 WL 11341638 (citation omitted), the Court properly counted *Griffin II* as a strike under Section 1915(g).

3. ***Griffin III*, No. 21-CV-0282, 2021 WL 5370057 (N.D.N.Y. Nov. 18, 2021)**

In another attempt to overturn the State of New York Comptroller's decision to deny him disability benefits in 2004, Plaintiff filed a second case, *Griffin III*, in the Northern District of New York. In that action, Plaintiff again asserted that the administrative denial of the benefits violated his due process rights. Judge Gary L. Sharpe of the Northern District of New York adopted Magistrate Judge Daniel J. Stewart's report and recommendation, which found that

---

that relief is barred by the applicable statute of limitations" is "subject to dismissal for failure to state a claim."); *Akassy v. Hardy*, 887 F.3d 91, 95 (2d Cir. 2018) (same); *Elufe v. Clauberg*, No. 11-CV-5291, 2012 WL 1506692, at *1 (S.D.N.Y. 2012) (*Res judicata* dismissal constituted a strike because "the filing of a redundant suit after an identical action is dismissed as frivolous typifies the problem that [Section 1915(g)] is intended to remedy."); *see also Harmon v. Webster*, 263 F. App'x 844, 846 (11th Cir. 2008) (same); *Williams v. City of Hartford*, No. 19-CV-0444, 2020 WL 127705, at *7 (D. Conn. Jan. 10, 2020) (same).

[4] *See also Akassy v. Hardy*, 887 F.3d at 96 ("the very essence of frivolousness within the meaning of section 1915 is the lack of an arguable basis in law or in fact").

5

Plaintiff's claims were barred by *res judicata* and recommended dismissal with prejudice under 28 U.S.C. §§ 1915(e) and 1915A. *See Griffin v. DiNapoli*, 2021 WL 1223819 (N.D.N.Y. Mar. 31, 2021), *report and recommendation adopted*, 2021 WL 5370057 (N.D.N.Y. Nov. 18, 2021).

The Court rejects Plaintiff's argument that the dismissal of *Griffin III* under 28 U.S.C. §§ 1915(e) and 1915A does not constitute a strike. Although the dismissal order in *Griffin III* does not specify under which subsections of Sections 1915(e) and 1915A it falls, the court explicitly states that Plaintiff's claims were barred by *res judicata*, which constitutes a strike. *See Elufe v. Clauberg*, No. 11-CV-5291, 2012 WL 1506692, at *1 (S.D.N.Y. 2012) (construing dismissal based on *res judicata* a strike for purposes of Section 1915(g)).

Plaintiff next contends that the district court's dismissal of *Griffin III* does not qualify as a strike because his appeal of that that decision is pending before the Second Circuit. Supreme Court precedent, however, dictates that a case can count as a strike if dismissed on strike grounds even if it is pending on appeal at the time the plaintiff files a new action. *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1761 (2015) (holding that courts must count a dismissal as a strike even though it remains pending on appeal). Thus, although Plaintiff's appeal of *Griffin III* is pending before the Second Circuit, *see Griffin v. DiNapoli*, No. 21-2958 (2d Cir.), the dismissal is still a strike.

Accordingly, the Court properly counted *Griffin III* as a strike for purposes of Section 1915(g).

C.   **Plaintiff is barred under Section 1915(g)**

The Court therefore concludes that Plaintiff has filed three or more actions or appeals that were dismissed as frivolous, malicious, or for failure to state a claim. Plaintiff is therefore barred from filing future federal civil actions IFP while he is a prisoner unless he is under imminent threat of serious physical injury. *See* 28 U.S.C. § 1915(g).

## CONCLUSION

The Court finds that, while Plaintiff was a prisoner, he filed three or more cases that are deemed strikes because they were dismissed as frivolous, malicious, or for failure to state a claim. Because Plaintiff has not shown cause why the bar order should not be imposed, Plaintiff is barred from filing future federal civil actions IFP while he is a prisoner unless he is under imminent threat of serious physical injury.[5] The Court warns Plaintiff that the submission of frivolous documents may result in the imposition of additional sanctions, including monetary penalties. *See* 28 U.S.C. § 1651. All other pending matters in this case are terminated.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   May 2, 2022
         New York, New York

                                         /s/ Laura Taylor Swain
                                         LAURA TAYLOR SWAIN
                                         Chief United States District Judge

---

[5] Plaintiff may commence a new action by paying the filing fees. If Plaintiff does so, that complaint will be reviewed under 28 U.S.C. § 1915A, which requires the Court to dismiss *any* civil rights complaint from a prisoner if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).